MARGARET DOPP, Respondent, *v.* THE CITY OF JOHNSTOWN, NEW YORK, and Another, Appellants.

Third Department, November 20, 1925.

**Negligence — action based on negligence to recover for injuries suffered by plaintiff when she fell through trap door in sidewalk — hinge bolts on doors in sidewalk were gone — evidence does not show constructive notice to city.**

In an action based on negligence to recover damages for injuries suffered by the plaintiff when she fell through a trap door in the sidewalk in the defendant city, the evidence was not sufficient to show that the city had constructive notice of the defective condition of the trap door, consisting of the absence of the hinge bolts.

APPEAL by the defendants, The City of Johnstown, New York, and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 13th day of November, 1924, upon the verdict of a jury for $1,200, and also from an order entered in said clerk's office on the

10th day of December, 1924, denying defendants' motion for a new trial made upon the minutes.

*Clarence W. Smith,* for the appellant City of Johnstown.

*J. Keck,* for the appellant Catherine A. Smith.

*John T. Morrison,* for the respondent.

McCann, J.:

This action was brought by plaintiff to recover damages for personal injuries sustained as the result of falling through a trap door located in and made a part of a sidewalk and covering an areaway thereunder, in front of the premises owned by defendant Catherine A. Smith and known as 22 South Perry street in the city of Johnstown, N. Y. The complaint alleges negligence, not a nuisance.

The defendants answer separately.

The plaintiff with her husband resided in an apartment in a two-story business block owned by defendant Catherine A. Smith, an infant aged thirteen years. The lower floor of this block consisted of three stores numbered 22 to 26 inclusive. The northerly store, No. 22, was occupied by H. P. Cornell as a retail meat and provision market under the name of the City Meat Market. Adjoining was a driveway running to the rear of the building. The trap doors in question were located in the sidewalk in front of the City Meat Market. This doorway or hatchway consisted of two steel doors and a steel frame, the northerly edge of which was located one foot six inches from the northwest corner of the building and the southerly edge of the driveway. The frame supported the two doors. The width of the frame was three and one-half inches. The width of the doors and frame complete was three feet seven inches. The doors were one and one-quarter inches thick and were set in the steel frame with a flange the same thickness as the doors and that portion upon which the doors rested projected under the doors one inch so that the doors laid flat or flush with the frame. There were two hinges on each door and these hinges were raised slightly above the frame. Through each of these hinges there was intended to be a bolt or pin to hold the hinge to the casing. The bolts which ran through the two hinges on the northerly door and one hinge on the southerly door were rusted off. These bolts were about twice the size of a lead pencil. When these doors were let down and were in place, the hinges had no part in securing them in place. The weight of the doors held them in the frame. This condition had existed from two to five years according to the testimony of different witnesses. Mr. Cornell, the tenant, testified that for

years he had seen people go back and forth over these doors every day; that the children played on them and teetered upon the doors, and that he had never seen any accident there. There is no claim that there was ever any actual notice to the city of the defective condition of these doors or hinges. It is claimed, however, that the condition established constructive notice. On the 16th of November, 1923, the plaintiff alighted from an automobile which had stopped in the driveway just north of the City Meat Market and as she started to cross the sidewalk, stepped upon the northerly of these doors. Thereupon the doors separated or the hinges gave away, and projected her into the areaway below, causing her injuries and consequent damages for which she brought this action.

Contributory negligence has not been established. Both plaintiff and her husband testified that during ten or eleven years they resided in this same block and during the many times that they had crossed this place they had never discovered any defect in these doors before the evening in question. This is strong evidence to controvert constructive notice to the city. If both of these tenants who resided in this building for such a length of time had not discovered the condition of the doors it can hardly be claimed that the city, through any of its officials, would have discovered the same. Henry Luther, a truckman, who frequently used these trap doors to deliver and take away merchandise from the City Meat Market, testified that during a period of at least three years the condition had been the same. Mr. Cornell also testified that at times he kept boxes there for the purpose of keeping the children from playing thereon. George Musgrave, employed at the City Meat Market, had known of the condition for five years. This testimony is not sufficient to carry constructive notice to the city. The location was a safe one when the doors were in place. The doors were heavy enough to keep in position under ordinary conditions. The facts connected with the accident demonstrate that the doors must have been shifted from their position in the flanges and that the condition which existed at the time of the accident was due to improper maintenance rather than to a defective construction.

The judgment and order should be reversed and the complaint dismissed.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.